1  David R. Isola, Esq. State Bar #150311
   e-mail: disola@isolalaw.com
2  ISOLA & RUIZ, LLP
   701 South Ham Lane
3  Lodi, California 95242
   Telephone 209 367-7055
4  Facsimile 209 367-7056

5  Attorneys for Plaintiff. MILDRED SANCHEZ,
   individually, and formerly doing business
6  as REDWOOD EMPIRE CLEANERS

7                            **E-Filing**

8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MILDRED SANCHEZ, individually, and              ) Case No.: C 07 4548 BZ
    formerly doing business as REDWOOD EMPIRE      ) COMPLAINT FOR:
14  CLEANERS,                                      )
                                                   ) 1. Declaratory Relief – Duty to Defend
15                                                 )
              Plaintiff,                           ) 2. Unfair Competition – California Business
16                                                 )    & Professions Code § 17200, *et seq.*
                                                   )
17       vs.                                       )
                                                   )
18  PHOENIX INSURANCE OF HARTFORD, now             )
    known as TRAVELERS CASUALTY AND                )
19  SURETY COMPANY, a Connecticut corporation,     )
                                                   )
20            Defendant.                           )
                                                   )
21  _____ )

22       Plaintiff, MILDRED SANCHEZ, individually, and formerly doing business as REDWOOD

23  EMPIRE CLEANERS ("Sanchez") alleges as follows:

24
                              **NATURE OF THE ACTION**
25
         1.   This is a civil diversity action for declaratory relief and other equitable relief relating
26
    to the obligations of Defendant PHOENIX INSURANCE OF HARTFORD, now known as
27
    TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation ("Travelers"),
28
    under a liability insurance policy purchased by Sanchez, as more fully set forth below.

COMPLAINT                                - 1 -

2.      Sanchez seeks a declaration of the present and future rights, duties and obligations of the parties under the contract of insurance issued by Travelers with respect to an underlying environmental action asserted against Sanchez alleging that Sanchez is legally obligated for damages because of property damage.

3.      Sanchez further seeks other relief for the harm caused by Travelers's failure to timely and fully acknowledge its duty to defend Sanchez as required under California law.

## JURISDICTION AND VENUE

4.      Mildred Sanchez is an individual residing in Mendocino County, California.

5.      Travelers is a Connecticut corporation organized and existing under the laws of the state of Connecticut, with its principle place of business in Hartford, Connecticut.

6.      The amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

7.      Because a substantial part of the events giving rise to the claims asserted herein occurred in Mendocino County, California, within this Court's district, venue is appropriate in this Court.

## THE UNDERLYING ENVIRONMENTAL ACTION

8.      The City of Willits and The Willits Community Development Agency ("Willits") filed a complaint for damages and injunctive relief against Sanchez on or about February 22, 2007, which was superceded by an amended complaint filed on or about April 26, 2007, which is specifically styled, *The City of Willits and The Willits Community Development Agency vs. MILDRED SANCHEZ, And THE ESTATE OF RENE SANCHEZ, Individually, and formerly doing business as REDWOOD EMPIRE CLEANERS, and MILDRED A. SANCHEZ AS TRUSTEE OF THE SANCHEZ FAMILY TRUST*, Mendocino County Superior Court Case No. SCUK CVG 0798692("Underlying Complaint").

9.      The Underlying Complaint alleges, *inter alia*, that discharges, releases, leaks or disposal of dry cleaning-related solvents have caused environmental contamination of the surface and subsurface soils and waters in, at, around, underlying and emanating from certain real property known as 69 West Mendocino Street, Willits, California ("Site").

10. The Underlying Complaint further alleges that discharges, releases, leaks or disposal of dry cleaning-related solvents from the Site have caused Willits to incur environmental investigative and remedial costs to abate the effects of such discharges, releases, leaks or disposal of dry cleaning-related solvents from real property owned and/or controlled by Willits.

## SANCHEZ'S CONTENTIONS

11. Pursuant to the terms of its policy No. CL 7 58 57 issued to Sanchez for the period January 8, 1968 through January 8, 1971, and as implied by law, Travelers has the duty consistent with the terms of its policy, and as implied by law, to pay all costs, including attorneys fees and supplemental expenses incurred by Sanchez in the defense of the Underlying Complaint. These obligations of Travelers are referred to hereafter as the "duty to defend".

12. Travelers' duty to defend applies unless the allegations in the Underlying Complaint preclude any possibility that any part of the property damage alleged therein is potentially subject to an indemnity obligation on the part of Travelers, and applies even if the claims against Sanchez are groundless, false or fraudulent.

13. Sanchez is informed and believes and thereon alleges that Sanchez has a current dispute with respect to Travelers' duty to defend in response to the Underlying Complaint.

14. Travelers has failed to acknowledge its duty to defend, even though Sanchez tendered the defense of the Underlying Complaint to Travelers on or about February 28, 2007, and has since reiterated the demand that Travelers acknowledge its duty to defend.

15. In failing to acknowledge its duty to defend as described above, Travelers has breached its obligations of good faith and fair dealing. In particular, the following conduct breaches the implied covenant of good faith:

    a. Despite repeated demands by Sanchez, Travelers has failed and refused to respond promptly to notices of claims and requests for a defense;

    b. Travelers has failed and refused to promptly and adequately investigate the claims tendered by Sanchez;

COMPLAINT      - 3 -

c. Travelers has failed to act reasonably and to promptly and thoroughly investigate the tendered claim;

d. Travelers has failed to evaluate the tendered claims objectively; and

e. Travelers has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the tendered claims.

16. As to the insurance policy issued by Travelers, the required premiums have been paid in full, and Sanchez has satisfied all other legitimate conditions to coverage. All actions taken by Sanchez with respect to the Underlying Complaint have been reasonable, and have not prejudiced the ability of Travelers to fulfill its contractual obligations.

17. Sanchez is informed and believes and thereon alleges that Travelers disputes the contentions set forth above. An actual and justiciable controversy therefore exists between Sanchez and Travelers concerning the matters alleged.

### FIRST CAUSE OF ACTION
**(For Declaratory Relief as to Duty to Defend)**

18. Sanchez repeats and incorporates by reference the allegations of Paragraphs 1 through 17 above.

19. Pursuant to the terms of its policy, Travelers is obligated to pay all costs, including attorneys' fees and supplemental expenses, incurred by Sanchez in the defense of the claims made in the Underlying Complaint.

20. Travelers has not agreed to provide or provided a defense for the claims made in the Underlying Complaint pursuant to its obligation to do so under the terms of its policy.

21. An actual controversy of a justiciable nature presently exists between Sanchez and Travelers concerning the proper construction of the insurance policy issued by Travelers and the rights and obligations of the parties with respect to the obligations made in the Underlying Complaint. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

/ / /

COMPLAINT                                              - 4 -

**SECOND CAUSEE OF ACTION**
**(Unfair Competition – California Business & Professions Code § 17200 et seq.)**

22. Sanchez repeats and incorporates by reference the allegations of Paragraph 1 through 21 above.

23. In handling Sanchez's tender of its defense and indemnity with respect to the Underlying Complaint, Travelers has systematically, methodically and generally engaged in improper, unfair and unreasonable claims practices which have frustrated and disappointed the reasonable expectations of Sanchez under the subject insurance policy.

24. Travelers, by refusing to participate in Sanchez's defense in accordance with the requirements of California law, is seemingly acting in concert with a corporate policy to frustrate Sanchez's reasonable expectation of a defense under Travelers' policy by improperly, unfairly and unreasonably refusing to reimburse Sanchez's reasonable and necessary defense fees and costs incurred in connection with the Underlying Complaint.

25. Travelers' course of conduct is immoral, unethical, oppressive, and unscrupulous, and has injured and is likely to continue to substantially injure Sanchez.

26. In committing the acts described in Paragraph 14 and 15 above, Travelers has failed to act fairly and in good faith, thus violating the implied covenant of good faith and fair dealing implicit in Travelers' policy.

27. In committing the acts described in Paragraph 14 and 15 above, Travelers is in violation of the California Unfair Competition Act, Business and Professions Code § 17200 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Sanchez prays for relief as follows:

1. With respect to the First Cause of Action, Sanchez requests that the Court enter judgment declaring that:

    (a) Travelers, pursuant to the terms of its policies, is obligated to pay all costs, including attorneys' fees incurred by appropriately qualified independent defense counsel of Sanchez's choice, and all supplemental expenses incurred by Sanchez in defense of the Underlying Action. This duty to defend does not

1 | reduce policy limits unless the terms of the policy expressly and unequivocally
2 | so provide.
3 | (b) Any judgment awarded to Sanchez shall include its costs incurred for this suit
4 | and such other and further relief as the Court may deem just and proper.
5 | 2. With respect to the Second Cause of Action, Sanchez requests that the Court
6 | enter judgment against Travelers, and award Sanchez:
7 | (a) Restitutive and injunctive relief only, in the form of an order compelling
8 | Travelers to forthwith reimburse Sanchez for all reasonable and necessary
9 | defense costs incurred in defending the underlying environmental action; and
10 | (b) The appointment of a Referee, at Travelers' sole cost, to administer, oversee
11 | and monitor Travelers' on-going duties and obligations to Sanchez.

Dated: August 27, 2007

ISOLA & RUIZ, LLP

By: _____
David R. Isola
Attorneys for Plaintiff. MILDRED
SANCHEZ, individually, and formerly doing
business as REDWOOD EMPIRE
CLEANERS

COMPLAINT                                   - 6 -